John S. Lockman, J.
This is a motion for summary judgment against a guarantor who contends that the plaintiff must exhaust its remedies against the principal debtor as a condition precedent to recovery.
The guarantee provides: ‘ ‘ In consideration of the letting of the premises within mentioned to the within named Tenant and the sum of $1.00 paid to the undersigned by the within named Landlord, the undersigned does hereby covenant and agree, to and with the Landlord and the Landlord’s legal representatives, that if default shall at any time be made by the said Tenant in the payment of the rent and the performance of the covenants contained in the within lease, on the Tenant’s part to be paid, and performed, that the undersigned will tvell and truly pay the said rent, or any arrears thereof, that may remain due unto the said Landlord, and also pay all damages that may arise in consequence of the non-performance of said covenants, or either of them, without requiring notice of any such default from the said Landlord. The undersigned hereby waives all right to trial by jury in any action or proceeding hereinafter instituted by the Landlord, to which the undersigned may be a party. The liability of the undersigned hereunder is limited to $753.00.” (Emphasis added.)
*391 The issue is whether this guarantee is one of payment or collection. If it is payment, the plaintiff can proceed immediately. But if it is a guarantee of collection, the plaintiff cannot proceed until it has shown that it has been unable to satisfy a judgment against the principal debtor.
In General Phoenix Corp. v. Cabot (300 N. Y. 87, 92) the Court of Appeals set forth the standards for determining which type guarantee applied: ‘ ‘ Whether a surety is a guarantor of payment or a guarantor of collection depends upon the intention of the parties as expressed in the surety contract. If he binds himself to pay immediately upon default of the debtor, he becomes a guarantor of payment; if he binds himself to pay only after all attempts to obtain payment from the debtor have failed, he becomes a guarantor of collection. ’ ’
Since the guarantee in question provides that ‘ ‘ if default shall at any time be made * * * in the payment of the rent * * * the undersigned will well and truly pay the said rent ’ ’ there can be no question that this is a guarantee of payment rather than of collection. Accordingly, there is no need for the plaintiff to demonstrate any prior activity to collect from the principal debtor.
Motion for summary judgment granted.